# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *ex rel.* **UPPI, LLC,** ) | |
| ) | |
| **Plaintiff-Relator,** ) | |
| ) | |
| v. ) | **Case No. 9:22-cv-3770-BHH** |
| ) | |
| **CARDINAL HEALTH, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## CARDINAL HEALTH, INC., CARDINAL HEALTH 414, LLC, AND CARDINAL HEALTH 200, LLC'S
## NOTICE OF SUBMISSION OF DOCUMENTS FOR *IN CAMERA* REVIEW

Pursuant to the Court's Orders on Cardinal Health's Motion to Compel, ECF No. 204, issued to date, ECF Nos. 232 and 235, Cardinal Health respectfully submits the following sample documents for *in camera* review by the Court and determinations on the propriety of Relator UPPI, LLC's ("UPPI") withheld documents and information.

## BACKGROUND

Cardinal Health challenged UPPI's procedurally and substantively deficient privilege logs since November 13, 2024, when Cardinal Health served UPPI with its first letter detailing numerous deficiencies with UPPI's privilege log. ECF No. 204, Sealed Ex. 5 (Mot. to Compel Ex. 5, Cardinal Health Letter to UPPI Regarding Privilege Log Deficiencies ("November 13, 2024 Letter")). Pursuant to the Local Rules and Judge Hendricks' standing preferences, on November 25, 2024, counsel for Cardinal Health and UPPI held a meet and confer via videoconference to attempt to resolve the many issues with UPPI's privilege log. Since that time, UPPI provided several additional productions and more iterations of its privilege log, but Cardinal Health disputed UPPI's continued withholding and redaction of many of the documents

on the log, as well as the sufficiency of the log itself. Accordingly, on March 12, 2025, Cardinal Health filed a Motion to Compel Discovery in which it detailed for the Court the numerous issues that remained unresolved. ECF Nos. 204 and 204-1. After briefing was complete, the Court assigned the dispute to Judge Baker, who held oral argument on June 5, 2025.

At oral argument, the Court ruled from the bench regarding the privilege of certain documents, including UPPI037382, UPPI043944, UPPI044774,[1] UPPI048502, and UPPI049211. That same day, the Court issued an Order where it further determined that the following documents are privileged: UPPI030445,[2] UPPI033147,[3] UPPI03475, UPPI037540, UPPI037626,[4] UPPI037627,[5] UPPI040877, UPPI041528, UPPI045394, UPPI045807, and UPPI054976. *See* June 5, 2025 Order, ECF No. 232.[6]

The Court also found that UPPI's privilege log was deficient and ordered UPPI to provide an updated privilege log by July 7, 2025 that provided the information required by the precedent of this Court and Rule 26(b)(5) of the Federal Rules of Civil Procedure. ECF No. 238, Oral Argument Tr. 4:2-5:14. On July 7, 2025, counsel for UPPI provided an amended privilege

---

[1] UPPI produced a number of duplicate documents to UPPI044774, including: UPPI031870, UPPI032734, UPPI044774.

[2] Duplicates of this document include: UPPI030445, UPPI031001, UPPI032343.

[3] Duplicates of this document include: UPPI07188, UPPI25894, UPPI27332, UPPI033147, UPPI036195, UPPI046641, UPPI047152, UPPI047260, and UPPI049327.

[4] Duplicates of this document include UPPI037626 and UPPI043883.

[5] Duplicates for this document include: UPPI030475, UPPI037661, UPPI037627, UPPI043884, and UPPI044734.

[6] The Court also issued a Supplemental Order which found that "it was only in February 2015 that the prospect of litigation became a real likelihood, rather than a mere possibility," which rendered all documents or emails withheld as "work product" before that date not protected by the privilege. *See* June 17, 2025 Order, ECF No. 235.

log and another production of some of the documents that the Court had determined were not privileged or protected, and other documents that UPPI elected to concede in light of the Court's rulings. *See* UPPI's July 7, 2025 Privilege Log (Ex. 4); *see also* Ex. 3, Correspondence from UPPI Counsel dated July 7, 2025.[7] █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

     The Court further ordered the Parties to compile a list of examples comprising no more than 200 of the disputed documents for the Court to review *in camera* by July 29, 2025. ECF No. 238, Tr. at 47-48. To facilitate this submission of documents to the Court, on July 23, 2025, as directed by the Court, Cardinal Health submitted to UPPI the list of categories of the types of documents in dispute, as well as an initial list of sample documents to be submitted to the Court for review *in camera*. On July 24, 2025, the Parties held a meet and confer, during which the Parties discussed the categories, the sample documents, the universe of documents that Cardinal Health is challenging, the universe of documents that are not in dispute, and the final submission to the Court. During that meet and confer, UPPI counsel communicated that it had reviewed the categories and was working to itemize all documents on the amended privilege log. UPPI also stated that it wished to add some documents to the review set that were contextual to the

---

[7] Cardinal Health is also providing two additional letters between the Parties dated June 18, 2025 and July 2, 2025 for the Court's review as Exhibit Nos. 1 and 2, respectively.

challenged samples and that it would likely identify additional sample documents for the Court's review, which Cardinal Health counsel welcomed.

On July 25, 2025, UPPI counsel provided to Cardinal Health yet another updated privilege log, including its draft itemization of the majority of the challenged documents based on the categories provided by Cardinal Health, but also made more substantive changes to various entries on the log, some apparently in response to the categories and examples Cardinal Health had identified.  *See* UPPI July 25 2025 Privilege Log.  In addition, UPPI counsel noted several hundred documents which it stated were "unclear" as to the applicable category or whether the document was being challenged at all and sought further input from Cardinal Health counsel as to their categorization.  Cardinal Health counsel then began to review UPPI counsel's itemization, including of the "unknown" documents, which for the most part required document-by-document analysis.  The Parties have been in regular communication since then about the samples for the Court, UPPI additions to the sample list, inclusion of family members or other documents that UPPI believes are contextual to its privilege claim, and the overall itemization of the documents being challenged.[8]

Accordingly, the Parties have agreed to the submission of the following categories and sample documents for the Court to review *in camera*.  The Parties have agreed that UPPI will transmit to the Court the following: (1) redacted/withheld and unredacted versions of the example documents identified in the table below for the Court's *in camera* review; (2) UPPI's July 7, 2025 Amended Privilege Log; and (3) UPPI's July 25, 2025 Further Amended Privilege Log.  In addition, Cardinal Health submits the following documents as Exhibits to this Notice:

---

[8] As of the time of this filing, Cardinal Health has responded to UPPI's proposed itemization of the applicable category or categories for all documents on the amended privilege log – more than 1,700 entries.

(1) June 18, 2025 UPPI Letter to Cardinal Health regarding privilege log issues  (Exhibit 1);

(2) July 2, 2025 Cardinal Health Letter to UPPI regarding privilege log issues and documents not

produced (Exhibit 2); (3) July 7, 2025 UPPI Letter to Cardinal Health regarding privilege log

issues (Exhibit 3); and (4) a copy of UPPI's July 7, 2025 Amended Privilege Log (Exhibit 4);

and (5) a ChangePro version of the July 7, 2025 Amended Privilege Log showing changes from

the April 2, 2025 version of the privilege log (Exhibit 5).

## **CATEGORIES OF DOCUMENTS FOR REVIEW**

Cardinal Health submits the following categories for *in camera* review by the Court.









## TABLE OF SAMPLE DOCUMENTS

The documents in the table below have been provided as sample documents to counsel for UPPI who reviewed and independently identified additional samples to include. Thus, the Parties have agreed to this set of approximately 90 sample documents for the Court's review *in camera*. ████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████.

| Category | Sample Documents |
|----------|------------------|
| ████████████████ | ████████████████████████████ |

| Category | Sample Documents |
|----------|------------------|
|  | |

| Category | Sample Documents |
|---|---|



| Category | Sample Documents |
|---|---|



The Parties have agreed that UPPI will submit to the Court an updated version of its privilege log that itemizes the challenged category/categories applicable to all documents still at issue on UPPI's privilege log, along with the redacted/withheld and fully unredacted versions of the sample documents.

## **CONCLUSION**

Accordingly, pursuant to the Court's Orders related to Cardinal Health's Motion to Compel, ECF Nos. 232 and 235, Cardinal Health identifies the categories of documents improperly included on UPPI's many privilege logs that Cardinal Health challenges as improperly withheld and, therefore, submits for *in camera* review and determinations by the Court.

Respectfully Submitted,

*/s/ Rhett DeHart*
M. Rhett DeHart (Fed. ID # 7777)
Womble Bond Dickinson (US) LLP
5 Exchange Street
Charleston, SC  29401
Tel.  (843) 722-3400
Fax. (843) 723-7398
RhettDehart@wbd-us.com

Brian Tully McLaughlin (*Pro Hac Vice*)
Lyndsay A. Gorton (*Pro Hac Vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Tel.  (202) 624-2500
Fax.  (202) 628-5116
BMcLaughlin@crowell.com
LGorton@crowell.com

*Counsel for Defendants Cardinal Health, Inc., Cardinal Health 414, LLC, and Cardinal Health 200, LLC*

Dated: July 29, 2025

14

Charleston, South Carolina